```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                          CLARKSBURG
```

**SCOTT FRANCIS KEMPKER,**

      **Plaintiff,**

v.                                            Civ. Action No. 1:19-cv-198
                                                                                 (Judge Kleeh)

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 65] AND OVERRULING OBJECTIONS [ECF NO. 69]**

Pending before the Court is *Report and Recommendation* ("R&R") [ECF No. 65] by United States Magistrate Judge Michael J. Aloi. For the reasons discussed below, the Court adopts the R&R.

### I.  BACKGROUND AND REPORT AND RECOMMENDATION

On October 25, 2019, the pro se Plaintiff, Scott Francis Kempker ("Plaintiff"), filed this action against the Defendant, the United States of America ("Defendant"). [ECF No. 1]. Plaintiff brought three claims under the Federal Tort Claims Act ("FTCA"). The allegations in the Complaint relate to intentional acts: an alleged physical assault, false statements, administrative failure to address the appeal, and missing property. Id. No negligence claims were pleaded. Id. Specifically, Plaintiff contends that after he and inmate Fisher smoked the chemical-laced piece of paper

before becoming "unconscious," he was physically assaulted, shot with pepper balls, dragged down range and down the stairs, kicked in the ribs, and repeatedly dropped, while being transported to the SHU. [ECF Nos. 1-7, 65]. Plaintiff alleges that as a result of these wrongful acts, he sustained nerve damage in his wrists/hands, broken ribs, scars, chemical burns, concussion, bruising, and mental anguish/PTSD. Id.

Subject of this order, Defendant filed a motion to dismiss on December 14, 2020. [ECF No. 35]. Defendant argues that Plaintiff's case should be dismissed because Plaintiff cannot establish that a duty of care owed to him was breached, sufficient to maintain any negligence claims, and a review of the evidence makes it clear that all of Plaintiff's claims lack merit. [ECF No. 36]. Further, Defendant contends the Court lacks subject matter jurisdiction over the lost property claims pursuant to 28 U.S.C. § 2680(c). Id. Notably, Defendant's version of the event at issue in the Complaint varies from Plaintiff's. Defendant indicates that when BOP staff discovered Plaintiff and inmate Fisher rolling around on the cell floor, shaking and yelling incoherently, they ordered both inmates to submit to restraints, which was ignored. [ECF Nos. 36, 65]. The two inmates began exchanging punches to each other's head and upper torso, orders to stop that were likewise ignored. Id. They were finally placed on stretchers and removed from the cell, taken to

the SHU, and examined. Id. Plaintiff responded in opposition to the motion, arguing claims of negligence, violation of the Accardi doctrine, and other misconduct of the BOP. [ECF No. 50].

Pending before the Court is *Report and Recommendation* ("R&R") [ECF No. 65] recommending the Court grant *Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment* [ECF No. 35]. The R&R also recommends that Plaintiff's Complaint [ECF No. 1] be denied and dismissed with prejudice; Plaintiff's pending letter motion to introduce evidence into case record [ECF No. 26] and Motion to Submit Medical Records into Evidence [ECF No. 27] be granted; that Plaintiff's Motion for Summary Judgment in Favor of the Plaintiff . . . and Response [sic] to Declaration to Michael Moore [ECF No. 53] be denied; and that Plaintiff's pending Motion for Discovery [ECF No. 56] and Motion for the Defendant to Produce a Copy of Policy and Procedure for Video Retainment [ECF No. 54] be denied as moot.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 65] AND OVERRULING OBJECTIONS [ECF NO. 69]**

the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on July 6, 2021. [ECF Nos. 67, 68]. On July 19, 2021, Plaintiff filed timely objections to the R&R. [ECF No. 69].

For the reasons discussed below, the Court adopts the R&R [ECF No. 65] and overrules Plaintiff's objections [ECF No. 69].

## II. FTCA AND ADMINISTRATIVE CLAIM REQUIREMENT

Federal courts generally lack subject matter jurisdiction to address lawsuits against the federal government unless the United States expressly consents by waiving sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 1346, is a waiver of sovereign immunity when the federal government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred" for certain torts, such as negligence, committed by federal government employees acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1).

Before filing suit under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." Id. § 2675(a). Generally, the plaintiff must file the administrative complaint within two years of the claim's accrual. Id. § 2401(b). Then, the

plaintiff must wait either six months or until the agency denies the complaint, whichever comes first, before filing suit with the court. Id. § 2675(a).

The United States Court of Appeals for the Fourth Circuit has recognized that the filing of an administrative complaint is a jurisdictional requirement that cannot be waived. See Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Failure to file an administrative complaint within the designated time period must result in a mandatory dismissal of the plaintiff's claim. Id. at 124.

### III. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 65] AND OVERRULING OBJECTIONS [ECF NO. 69]**

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

### IV.  OBJECTIONS

Plaintiff filed a twelve-page document pointing out sections of the R&R to which Plaintiff disagrees, purporting to be his objections. [ECF No. 69]. Plaintiff begins by asserting there are "large parts overlooked or even acknowledged" in the R&R. Id. He then listed each page that allegedly contained errors. Id. The Government's response to Plaintiff's objections confirms the Court's assessment the objections fall short of the specificity requirement. [ECF No. 70]. Particularly, the Government correctly notes Plaintiff's primary argument is Magistrate Judge Aloi's findings are "false." [Id. at 2.] Plaintiff's general grievances and repeated conclusory allegations do not merit a de novo review.

Petitioner's objections, while descriptive and even lengthy, are vague, and none preserve a claim for review by this Court. The objections are unspecific and are devoid of any reference to specific findings or recommendations and are unsupported by legal authority. Therefore, because Plaintiff's objections are conclusory and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of an order dismissing the complaint or entering summary judgment. Because Plaintiff's objections refer the court to previously filed papers or arguments and therefore do not

7

constitute adequate objections, Plaintiff's objections fail to merit de novo review from this Court, and therefore, the Court is under no obligation to conduct a de novo review as to any objection to the R&R. Accordingly, the Court reviewed the R&R for clear error and found none.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Beyond the unsupported conclusory assertions to the contrary in Plaintiff's admittedly verified complaint, when weighed against the sworn declarations by the Defendant's employees and the facts in each of the incident reports, Tort Investigations, memoranda to the Operations Lieutenant by numerous BOP staff, and particularly the medical reports, long before any of them were aware that litigation would ensue, Plaintiff fails to present sufficient evidence to dispute the video evidence and Defendant's assertions that the force applied on February 8, 2019 was deployed in a good-faith effort to maintain or restore discipline to Plaintiff and inmate Fisher, and not maliciously to cause harm. For these reasons, and because Plaintiff failed to provide any evidence to refute Defendant's declarations beyond bare conclusory statements, and

failed to point to any reference to specific findings or recommendations and the objections were wholly unsupported by legal authority, Plaintiff's objections are overruled.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** *Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment* [ECF No. 35]. Plaintiff's Complaint [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**. Plaintiff's pending letter motion to introduce evidence into case record [ECF No. 26] and Motion to Submit Medical Records into Evidence [ECF No. 27] are **GRANTED**. Plaintiff's Motion for Summary Judgment in Favor of the Plaintiff . . . and Response [sic] to Declaration to Michael Moore [ECF No. 53] is **DENIED**. Plaintiff's Motion for Discovery [ECF No. 56] and Motion for the Defendant to Produce a Copy of Policy and Procedure for Video Retainment [ECF No. 54] are **DENIED AS MOOT**. Plaintiff's Motion for Defendant to Produce Photos and PREA Report and Plaintiff's Response to Defendant's Motion for Leave to File Exhibit Outside of Time is **DENIED AS MOOT.** [ECF No. 66].

It is so **ORDERED.**

DATED: September 7, 2021

> /s/ Thomas S. Kleeh
> THOMAS S. KLEEH
> UNITED STATES DISTRICT JUDGE