```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                     CLARKSBURG
```

**SCOTT FRANCIS KEMPKER,**

      **Plaintiff,**

v.                                                Civ. Action No. 1:19-cv-198
                                                                (Judge Kleeh)

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On September 7, 2021, by previous Memorandum Opinion and Order [ECF No. 71], the Court granted Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment, dismissed with prejudice Plaintiff's Complaint, and disposed of the pending motions in this matter. The Court thereafter directed the Clerk to enter judgment in favor of Defendant and to strike this case from the active docket of this Court. ECF No. 74. On September 20, 2021, pro se Plaintiff filed a motion for reconsideration of the Court's decision reached in its Memorandum Opinion and Order. ECF No. 73. For the reasons discussed below, Plaintiff's motion for reconsideration is **DENIED**.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a "motion to alter or amend judgment" if it is filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The United

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

States Court of Appeals for the Fourth Circuit has held that "Rule 59(e) motions [for reconsideration] can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . ; or (3) to correct a clear error of law or prevent manifest injustice." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[M]ere disagreement [with the court] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). The moving party bears the burden of establishing that he is entitled to relief. Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012).

Plaintiff's motion does not fall under one of the three grounds for relief. Plaintiff has not demonstrated that there is an intervening change in controlling law since the Court's decision, has not raised any new evidence that was previously unavailable, has not pointed to any clear error of law, and has not demonstrated that he will suffer manifest injustice as a result

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

of the Court's Memorandum Opinion and Order [ECF No. 71]. See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020). Plaintiff has not met his burden, and his Motion for Reconsideration is **DENIED** [ECF No. 73].

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se Plaintiff, by certified mail, return receipt requested.

**DATED**: April 7, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA